## Byrne vs. Smith.

*Restatement of evidence by the court.*

A judgment will not be reversed merely because the circuit judge, on the jury coming into court and asking further instructions on a particular subject, read to them the evidence for respondent, and refused to read that for appellant, on that subject. R. S. ch. 118, sec. 31.

APPEAL from the Circuit Court for *Green* County.

Trespass *quare clausum.* Answer, highway. The action was commenced in 1867. The defendant's evidence tended to show that the town supervisors made an order in 1855, laying out a road through the premises; that the lines were determined by a survey, and included the place where the alleged trespass was committed; and that a road between these lines had in fact been traveled and worked since that time. Plaintiff's evidence tended to show that the travel and work had been, during most of the time, *outside* of the lines of said survey, and of the *locus in quo.* The manner in which the question decided by this court arose, will appear from the opinion. Judgment for the defendant, from which the plaintiff appealed.

*Dunwiddie & Medberry* (with *George B. Smith,* of counsel), for appellant.

*E. T. Gardner,* for respondent.

Cole, J. The only ground relied on for a reversal of the judgment is the alleged error of the circuit court in refusing to state anew the evidence of the witnesses on the part of the plaintiff which related to the line of survey of the road, and the work done or omitted to be done within said line of survey.

It appears that the jury came into court without having agreed upon their verdict, "and asked the court for instructions upon that part of the evidence in said case relating to work done upon said road within the line of survey." Thereupon the circuit judge read to the jury, from his minutes, that portion of the evidence given on the part of the defendant bearing upon that point, and restated the testimony of one of defendant's witnesses relating to work done on said road. The plaintiff then moved or requested the court to restate to the jury that portion of the testimony of his witnesses relating to the same question, which the court declined to do. It is insisted that, by refusing to state anew the entire evidence bearing upon the point, the court not only evinced a want of judicial fairness and impartiality, but likewise committed an error analogous in principle to that of excluding competent evidence offered relating to the same point. But it seems to us that this view of the matter is not entirely correct. All the evidence which had been given in the case bearing upon the point was before the jury, and it cannot be assumed that they did not fully consider it in arriving at their verdict. We certainly do not feel warranted in assuming that they did not consider the entire evidence, notwithstanding the refusal of the court to state anew a portion of it. As a general rule, perhaps, it would be better practice, where the court undertakes to state anew the evidence upon a given point, that all the evidence bearing upon that point should be stated. (Section 31, chap. 118, R. S.) This provision of the statute authorizes the court, where a jury, after due deliberation upon a cause, returns into

court without having agreed upon a verdict, to "state anew the evidence, or any part of it." It seems to give the court a discretion as to how fully the evidence shall be restated, and a failure to state all of it, we think, is not a ground for a new trial.

*By the Court.*—The judgment of the circuit court is affirmed.